1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT

9          SOUTHERN DISTRICT OF CALIFORNIA

10   BENJAMIN LOPEZ-LOPEZ,                    )   Civil No. 04cr0603 JAH
                                             )
11                      Petitioner,          )   **ORDER DENYING MOTION TO**
     v.                                      )   **REDUCE SENTENCE**
12                                           )   **[Doc. No. 666]**
     UNITED STATES OF AMERICA,               )
13                                           )
                        Respondent.          )   [18 U.S.C. § 3582]
14   _____        )

15                       **INTRODUCTION**

16          On November 4, 2011, Petitioner Benjamin Lopez-Lopez filed a motion to reduce

17   the term of his imprisonment pursuant to 18 U.S.C. § 3582.  The motion is fully briefed

18   by the parties.  After a careful consideration of the parties' submissions, and for the

19   reasons set forth below, this Court DENIES the motion in its entirety.

20                       **BACKGROUND**

21          Petitioner was convicted of knowingly and intentionally conspiring to distribute

22   cocaine and cocaine base in violation of Title 21, United States Code, Sections 846 and

23   841(a)(1).  <u>See</u> Doc. Nos. 264, 563, 567.  On June 8, 2007, this Court sentenced

24   Petitioner to a term of 240 months in custody followed by five years of supervised release.

25   <u>See</u> Doc. No. 594.  Thereafter, petitioner appealed his conviction.  The Ninth Circuit

26   affirmed Petitioner's conviction on July 11, 2008.  <u>See</u> Doc. No. 639.

27          Petitioner, through counsel, filed a motion to modify his sentence pursuant to Title

28   18 United States Code section 3582 on July 9, 2008, seeking retroactive application of

1   a sentencing guideline amendment resulting in a reduction of his base offense level by two

2   levels.  See Doc. No. 637.  Petitioner contended the reduction resulted in a guideline range

3   of 235 to 292 months and requested the Court further reduce his sentence by fifty-two

4   months to 183 months.  Id.  The Court granted the motion and sentenced Petitioner to

5   a term of 235 months followed by five years of supervised release.  See Doc. No. 640.  On

6   July 28, 2012, Petitioner appealed the sentence.  The Ninth Circuit Court of Appeal

7   affirmed the decision.  See Doc. No. 650.

8        On November 4, 2011, Petitioner, appearing *pro se*, filed the pending motion to

9   reduce his sentence pursuant to section 3582, based upon a retroactive application of

10  certain amendments to the sentencing guidelines involving crack cocaine offenses.  See

11  Doc. No. 662.  The government filed an opposition in response to the motion on

12  November 9, 2011.  See Doc. No. 666.  Petitioner did not file a traverse.

## DISCUSSION

14       Petitioner moves for a reduction in his base offense level based on Amendment 750

15  to the Sentencing Guidelines.  Respondent contends the amendment is not applicable to

16  Petitioner because it does not further reduce his sentencing guideline range.

17       Pursuant to 18 U.S.C. §3582(c), the court may reduce a term of imprisonment for

18  a defendant who has been sentenced based on a sentencing range that has subsequently

19  been lowered after consideration of factors set forth in 18 U.S.C. 3553(a).[1]  However,

20  where an amendment to the guidelines has no effect on the petitioner's sentencing range,

21  there is no basis to reduce the sentence.  See United States v. Townsend, 98 F. 3d. 510,

---

23  [1] Section 3553(a) directs a court to consider the following factors in determining the particular
24  sentence to be imposed: "(1) the nature and circumstances of the offense and the history and characteristics
    of the defendant; (2) the need for the sentence imposed: (A) to reflect the seriousness of the offense, to
    promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate
25  deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to
    provide the defendant with needed educational or vocational training, medical care, or other correctional
26  treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and
    the sentencing range established for: (A) the applicable category of offense committed by the applicable
27  category of defendant as set forth in the guidelines. . . (5) any pertinent policy statement. . . (6) the need
    to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty
28  of similar conduct; and (7) the need to provide restitution to any victims of the offense."  18 U.S.C.
    §3553(a).

513 (9th Cir. 1996).

Amendment 750 reduces the base offense level for crack cocaine offenses in section 2D1.1 of the Sentencing Guidelines and is applied retroactively.   See U.S.S.G. § 1B1.10(c).   To determine a sentence for a defendant convicted of cocaine base violations, a district court will consult the Sentencing Guidelines drug equivalency tables set forth under section 2D1.1.   For multiple drug offenses, the drug equivalency tables also "provide[s] a means for combining differing controlled substances to obtain a single offense level."   Id.   To use the drug equivalency tables, a court converts each of the drug quantities to a marijuana equivalent, adds the marijuana quantities and looks to the table at section 2D1.1 to determine the combined offense level.   Id.

Petitioner's level is based upon the following, five kilograms of cocaine, 140 grams of crack cocaine, 25.4 grams of heroin and 1349 grams of methamphetamine.   At the original sentencing this resulted in an equivalent of 30,805 kilograms of marijuana and a base offense level of 38.   After applying the amendments at issue in Petitioner's first motion to reduce his sentence, Petitioner's base offense level was 36.   This Court sentenced Petitioner to the low end of the guideline range at the re-sentencing.   Applying Amendment 750 results in an equivalent of 28,505 kg of marijuana and a base offense level of 36.   Because the amendment has no effect on Petitioner's sentence he is not entitled to relief under section 3582.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED Petitioner's motion to reduce his sentence pursuant to 18 U.S.C. § 3582 is **DENIED.**

DATED:  January 24, 2012

_____
JOHN A. HOUSTON
United States District Judge

04cr603